UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMIA BRYANT, | No. 2:14-cv-1331 GEB CKD PS |
| Plaintiff, | |
| v. | ORDER |
| NATIONAL SECURITY INDUSTRIES, | |
| Defendant. | |

Plaintiff is proceeding in this action pro se and in forma pauperis. Plaintiff has filed a second amended complaint.

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327.

/////

1

1    In order to avoid dismissal for failure to state a claim a complaint must contain more than
2 "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause
3 of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007).  In other words,
4 "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory
5 statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).  Furthermore, a claim
6 upon which the court can grant relief has facial plausibility.  Twombly, 550 U.S. at 570.  "A
7 claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw
8 the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct.
9 at 1949.  When considering whether a complaint states a claim upon which relief can be granted,
10 the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007),
11 and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416
12 U.S. 232, 236 (1974).

13    The court finds the allegations in plaintiff's complaint so vague and conclusory that it is
14 unable to determine whether the current action is frivolous or fails to state a claim for relief.  The
15 court has determined that the complaint does not contain a short and plain statement as required
16 by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading policy, a
17 complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones
18 v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at
19 least some degree of particularity overt acts which defendants engaged in that support plaintiff's
20 claim. Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2),
21 the complaint must be dismissed.  The court will, however, grant leave to file a third amended
22 complaint.

23    If plaintiff chooses to amend the complaint, plaintiff must set forth the jurisdictional
24 grounds upon which the court's jurisdiction depends.  Federal Rule of Civil Procedure 8(a).
25 Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation
26 of plaintiff's federal rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).  Although
27 plaintiff cites several federal statutes in the complaint, plaintiff fails to allege how any of the cited
28 statutes were violated.  Plaintiff also fails to allege any causal connection between the actions of

1  defendant and any deprivation of federal rights.  Plaintiff inconsistently alleges she was part of an
2  on-the-job training program, that defendant refused to hire her, and that she was wrongfully
3  terminated.  The actions plaintiff complains of, i.e. that there was a mix-up in the schedule and
4  that she was spoken to harshly by a supervisor, are insufficient to support a claim of unlawful
5  discrimination.

6       In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to
7  make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an amended
8  complaint be complete in itself without reference to any prior pleading.  This is because, as a
9  general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375
10 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no
11 longer serves any function in the case.  Therefore, in an amended complaint, as in an
12 original complaint, each claim and the involvement of each defendant must be sufficiently
13 alleged.

14      In accordance with the above, IT IS HEREBY ORDERED that:
15      1.  Plaintiff's second amended complaint is dismissed; and
16      2.  Plaintiff is granted thirty days from the date of service of this order to file a third
17 amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,
18 and the Local Rules of Practice; the third amended complaint must bear the docket number
19 assigned this case and must be labeled "Third Amended Complaint"; plaintiff must file an
20 original and two copies of the third amended complaint; failure to file a third amended complaint
21 in accordance with this order will result in a recommendation that this action be dismissed.

22 Dated:  August 4, 2014

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

25 4 bryant.2.ifp-lta